PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CENTRAL
BOCA CHICA, INC., Defendant and Appellant.

No. 2964.   Argued December 22, 1926.—Decided February 11, 1927.

*López de Tord & Zayas Pizarro* for the appellant.   *José E. Figueras*
for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Central Boca Chica, Inc., was charged with and convicted
of violating sections 84, 86 and 92 of the Internal Revenue
Act of 1925 in that during the trimesters of from October
1, 1925, to December 31, 1925, and January 1, 1926, to March
30, 1926, it sold molasses obtained as a by-product in the
process of manufacturing sugar without the license required
by that Act.

It appears from the judgment that on the day of the
trial the defendant corporation admitted the facts alleged
in the information, but contended that they did not constitute
an offense, and that the parties submitted the case to the
court on a stipulation in which the district attorney admitted
that the corporation was engaged in the manufacture of sugar
with molasses as a by-product, which it sells at wholesale in
its factory without a license therefor.

Although the appellant corporation alleges as one of the
grounds of its appeal that the information does not set up
facts constituting an offense, because it does not allege that
the defendant was a dealer in molasses, or a retailer thereof;
nevertheless, in view of the stipulation of the parties we
prefer to decide the question on its merits, having regard for
the information and the stipulation between the parties from
which it appears that during the trimesters referred to the

corporation sold at wholesale in its factory molasses as a sugar by-product without a license, and the question thus simplified is to decide whether or not that fact constitutes an offense.

Section 84 of Internal Revenue Act No. 85 of 1925, pages 585 and following, provides that: "Every three months every person engaged in any of the occupations or businesses enumerated in this section shall pay for every factory, place, commercial or industrial establishment, the respective license tax herein prescribed, to wit: . . . . . 36. Dealers in molasses obtained as a by-product in the process of manufacturing sugar, first class, thirty (30) dollars; second class, twenty (20) dollars; third class, ten (10) dollars." Section 86 provides that no person shall engage in any of the businesses or industries specified in this Act until he shall have paid a license tax in the manner therein provided; and section 92, which is the other section cited in the information, punishes as a misdemeanor the act of engaging or continuing in any industry or occupation subject to a license under the provisions of the Act without securing the proper license, or if the same has been revoked. Paragraph 3 of section 12 of the same Act provides that manufacturers who dispose of their product at wholesale at their factories shall not be considered as dealers.

As it is obligatory on dealers in molasses to secure and pay for licenses for the sale of molasses obtained as a by-product in the manufacture of sugar; as those who dispose of their products at wholesale in their factories are not considered dealers, and as it appears that the appellant used to sell at wholesale in its factory molasses obtained as a by-product in the manufacture of its sugar, we come to the conclusion that the appellant was not a dealer in molasses and was not bound to secure and pay for a license for the sale of the molasses in the manner stated and, therefore, did not commit the violation for which it was prosecuted and

convicted; therefore we must reverse the judgment appealed from and render another acquitting it of the offense charged.

Mr. Justice Hutchison took no part in the decision of this case.